## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JEFFREY BLACKBURN, JR., Individually and For Others Similarly Situated,** | **Civ. Action No. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ALLIED POWER SERVICES, LLC** | |

### ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.      Allied Power Services, LLC ("Allied") failed to pay Jeffrey Blackburn, Jr. ("Plaintiff"), and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). *See* 29 U.S.C. § 201 *et. seq.*; 820 ILCS 105/1 *et. seq.*

2.      Instead, Allied paid Plaintiff and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3.      Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA and the IMWL.

#### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      The Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6.      The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.    Plaintiff resides in this District.

9.    Plaintiff worked for Allied in this District during the operative time period.

## THE PARTIES

10.    During the operative time period, Plaintiff was an hourly employee of Allied. Throughout his employment with Allied, Plaintiff was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. His written consent is attached as Exhibit A.

11.    Plaintiff brings this Action on behalf of himself and other similarly situated workers who were paid by Allied's "straight time for overtime" system.

12.    The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees who worked for Allied during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek), or, "straight time for overtime" (the "FLSA Class").**

13.    Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

14.    Plaintiff also seeks certification of a class under FED. R. CIV. P. 23 to remedy Allied's violations of the IMWL.

15.    The class of similarly situated employees sought to be certified as a class action under the IMWL is defined as:

> **All employees who worked for Allied in Illinois during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek), or, "straight time for overtime" (the "Illinois Class").**

2

16.     Allied is a limited liability corporation incorporated in Delaware. Allied may be served with process by serving its registered agent at CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## COVERAGE UNDER THE FLSA & IMWL

17.     At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the IMWL. 820 ILCS 105/3(c).

19.     At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the IMWL. 820 ILCS 105/3(d).

21.     At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22.     At all times hereinafter mentioned, Plaintiff and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

23.     Allied is a full-service provider of power plant services.

24.     In order to provide services to its clients, Allied hires employees it pays on an hourly basis.

25.     During the operative time period, Plaintiff was an hourly employee of Allied.

26.     During the operative time period, Plaintiff worked for Allied in Illinois.

27.     Allied paid Plaintiff by the hour.

28.     Plaintiff reported the hours he worked to Allied on a regular basis.

29.     Plaintiff normally worked more than 40 hours in a week.

30.     The hours Plaintiff worked are reflected in Allied's payroll records.

31.     Allied paid Plaintiff the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

32.     Allied did not pay Plaintiff overtime for  hours worked in excess of 40 hours in a single workweek.

33.     Rather than receiving time and half as required by the FLSA and IMWL, Plaintiff only received "straight time" pay for overtime hours worked.

34.     This "straight time for overtime" payment scheme violates the FLSA and IMWL.

35.     Allied was aware of the overtime requirements of the FLSA and IMWL.

36.     Allied nonetheless failed to pay certain hourly employees, such as Plaintiff, overtime.

37.     Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiff to perform his job duties.

38.     Indeed, the daily and weekly activities of Plaintiff and members of the FLSA and Illinois Classes were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Allied.

39.     Virtually every job function performed by Plaintiff and members of the FLSA and Illinois Classes was pre-determined by Allied and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

40.     Plaintiff and members of the FLSA and Illinois Classes were generally prohibited from varying their job duties outside of the pre-determined parameters.

41.     Plaintiff and members of the FLSA and Illinois Classes performed routine manual and technical job duties that were largely dictated by Allied.

42.     Plaintiff and members of the FLSA and Illinois Classes perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

43.     Plaintiff and members of the FLSA and Illinois Classes also worked similar hours and were denied overtime as a result of the same illegal pay practice.

44.     Plaintiff and members of the FLSA and Illinois Classes regularly worked in excess of 40 hours each week.

45.     Allied did not pay Plaintiff and members of the FLSA and Illinois Classes on a salary basis.

46.     Allied paid Plaintiff and members of the FLSA and Illinois Classes "straight time for overtime."

47.     Allied failed to pay Plaintiff and members of the FLSA and Illinois Classes overtime for hours worked in excess of 40 hours in a single workweek.

48.     Allied knew, or acted with reckless disregard for whether, Plaintiff and members of the FLSA and Illinois Classes were misclassified as exempt.

5

49.     Allied's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and IMWL because Plaintiff and the members of the FLSA and Illinois Classes were misclassified as exempt and denied overtime compensation.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

50.     The illegal pay practices Allied imposed on Plaintiff were imposed on members of the FLSA and Illinois Classes.

51.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the IMWL.

52.     Numerous other individuals who worked with Plaintiff were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

53.     Based on his experience and tenure with Allied, Plaintiff is aware that Allied's illegal practices were imposed on members of the FLSA and Illinois Classes.

54.     The members of the FLSA and Illinois Classes were not paid overtime when they worked in excess of 40 hours per week.

55.     Allied's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA and Illinois Classes.

56.     Plaintiff's experiences are therefore typical of the experiences of members of the FLSA and Illinois Classes.

57.     The specific job titles or precise job locations of the various members of the FLSA and Illinois Classes do not prevent class or collective treatment.

58.     Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA and Illinois Classes.

59. Like each member of the FLSA and Illinois Classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

60. Upon information and belief, Allied employed more than 40 Class Members in Illinois during the Relevant Period.

61. The precise size and the identity of other Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Allied.

62. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent a class and collective action, many members of the FLSA and Illinois Classes will not obtain redress of their injuries and Allied will reap the unjust benefits of violating the FLSA and applicable state labor law, including the IMWL.

64. Furthermore, even if some members of the FLSA and Illinois Classes could afford individual litigation against Allied, it would be unduly burdensome to the judicial system.

65. If individual actions were required to be brought by each member of the FLSA and Illinois Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to Class Members, to Allied, and to the Court.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA and Illinois Classes and provide for judicial consistency.

67. The questions of law and fact common to each of the members of the FLSA and Illinois Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a. Whether Allied required Plaintiff and members of the FLSA and Illinois Classes to work more than 40 hours during individual work weeks;

7

b. Whether Allied's decision to pay the FLSA and Illinois Classes straight time for overtime was made in good faith;

c. Whether Allied failed to pay Plaintiff and members of the FLSA and Illinois Classes at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

d. Whether Allied's violation of the FLSA and the IMWL was willful; and

e. Whether Allied's illegal pay practices were applied to members of the FLSA and Illinois Classes.

68. Plaintiff and members of the FLSA and Illinois Classes sustained damages arising out of Allied's illegal and uniform employment policy.

69. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

70. Plaintiff will fairly and adequately represent and protect the interests of members of the FLSA and Illinois Classes.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## CAUSES OF ACTION

72. By failing to pay Plaintiff and those similarly situated to him overtime at one-and-one-half times their regular rates, Allied violated the FLSA and IMWL's overtime provisions.

73. Allied owes Plaintiff and those similarly situated to him overtime pay at the proper overtime rate.

74. Because Allied knew, or showed reckless disregard for whether, its pay practices violated the FLSA and the IMWL, Allied owes these wages for at least the past three years.

8

75.     Allied is liable to Plaintiff and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

76.     Plaintiff and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

77.     Plaintiff prays for relief as follows:

a.      An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

c.      For an Order appointing Plaintiff and his counsel to represent the interests of the federal collective and the Illinois Class;

d.      For an Order finding Allied liable to Plaintiff and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

e.      For an Order finding Allied liable to Plaintiff and the Illinois Class for unpaid overtime owed under the IMWL, as well as interest at the rate of 2% per month in the amount of the underpayment;

f.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

g.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


Date: January 17, 2018                                    s/Douglas M. Werman
                                                         One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008


           **AND**


Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay R.Itkin
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile


           **AND**


Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com


**ATTORNEYS IN CHARGE FOR PLAINTIFF**