## DECLARATION OF CHRISTY FAIRCHILD

I, Christy Fairchild, declare as follows:

1. I am an adult over the age of 18 and a resident of the state of Louisiana. I am the Executive Director, Human Resources and Corporate Development for Defendant ALLIED POWER SERVICES, LLC (hereinafter "Allied") in this action brought by Plaintiff Jeffrey Blackburn, Jr. ("Plaintiff"). In my capacity as Executive Director, Human Resources and Corporate Development, I am familiar with and have access to the business records of Allied. I have personal knowledge of the facts stated herein, except such facts that are made upon information and belief. Further, if called and sworn as a witness, I could and would competently testify hereto.

2. Allied provides a broad array of services to owners and operators of power plants, including maintenance and modification services at nuclear plant sites in Illinois, Maryland, New York, New Jersey and Pennsylvania. Plaintiff and certain members of the putative collective were employed by Allied across 18 nuclear plants in these states.

3. Attached hereto as Exhibit A is a true and correct copy of the "Employment Relationship" section of Allied's Employee Handbook in use during Plaintiff's employment. Attached hereto as Exhibit B is a true and correct copy of the Employee Handbook Acknowledgment and Receipt signed by Plaintiff on September 18, 2017.

4. Pursuant to this Employee Handbook, Allied's exempt executive, administrative, and professional employees are paid a guaranteed salary and certain exempt employees are eligible to receive "straight time" hourly premium pay in addition to their guaranteed salary. There are more than 100 different exempt positions in at least 18 different locations nationwide that are eligible for "straight time" premium pay for hours worked in excess of 40 during a workweek. Attached hereto as Exhibits C through

L are true and correct copies of a sampling of the job descriptions, to the extent they exist and are available, for such positions. A true and correct copy of Electrical Supervisor Job Description applicable to Plaintiff during his employment as an Electrical Superintendent is included among those exhibits as Exhibit C.

5. Allied pays its non-exempt employees at one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 hours.

6. Allied's supervisors are expected to review timesheets of their direct reports and make adjustments as necessary, with the employee's knowledge and consent. For example, where an exempt employee reports only a partial day for purposes of reporting billable hours, the supervisor and employee are required to ensure that a full day's work is credited to be paid to that employee. Supervisors in different departments and at different locations have different practices regarding how exempt employees account for time on company timesheets and how they ensure exempt employees are not improperly docked for a partial day's work.

7. Plaintiff was first employed by Allied as an Electrician, which is an hourly, non-exempt role, at LaSalle County Nuclear Generating Station from on or about August 28, 2017 until September 14, 2017. Plaintiff was laid off due to lack of work. He was rehired as an Electrical Superintendent, which is an exempt, salaried position on September 18, 2017. Attached hereto as Exhibit M is a true and correct copy of Plaintiff's offer letter for the Electrical Superintendent position. From September 18, 2017 until his termination on October 5, 2017, Plaintiff worked as an Electrical Superintendent at Braidwood Generating Station.

8. Attached hereto as Exhibit N are true and correct copies of Plaintiff's pay stubs and time records for the entire period Plaintiff was employed by Allied. Based on my review of those pay stubs and time records, Plaintiff never worked more than 40 hours in any workweek during his employment as an Electrician. Plaintiff was also never paid less than the full weekly portion ($2,234.00) of his biweekly salary of $4,468.00

during his employment as an Electrical Superintendent, other than the proportionate salary payment he received for time actually worked in his last week of employment. During his employment with Allied, Plaintiff also never received "straight-time" premium pay for hours worked in excess of 40 in any workweek.

9. In their discussions with candidates for exempt positions, Allied's recruiters are expected to discuss the position's classification as exempt, the position's guaranteed salary, and the position's eligibility for hourly premium pay for hours worked in excess of 40 in a workweek.

10. In addition, many exempt employees' offer letters explicitly inform them of their classification as exempt, as well as their base salary. Attached hereto as Exhibits O through X are true and correct copies of Allied's offer letters informing the following opt-in plaintiffs to this action of their classification as exempt during their employment with Allied: Brandon James; Brandon Mitchell; James Lyon; Jason Cottrell; Julie Peebels; Lynn Clark; Michael Radice; Michael Margenthaler; Scott Miller; and Stacey Shelton. Also attached as Exhibits Y through HH are true and correct copies of Internal Employee Action forms specifying the exempt classification of the following opt-in plaintiffs to this action during their employment with Allied: Brandon James; Brandon Mitchell; James Lyon; Julie Peebels; Michael Radice; Michael Margenthaler; David Enrico; Jason Cottrell; Stacey Shelton; and Stephen Lantz.

11. Attached hereto as Exhibit II are a true and correct copies of Lynn Clark's pay stubs for the pay periods of November 20 through December 3, 2017, February 12 through February 25, 2018, March 26 through April 8, 2018, and April 9 through April 22, 2018, as well as true and correct copies of Clark's Supervision Weekly Timesheets that correspond to those pay stubs.

12. Attached hereto as Exhibit JJ is a true and correct copy of Richard Berkeley's pay stub for the pay period of August 28, 2017 through September 3, 2017, as well as the Supervision Weekly Timesheet that corresponds to that pay period.

13. Attached hereto as Exhibit KK is a true and correct copy of Robert Dammann's pay stub for the pay period of January 8, 2018 through January 14, 2018, as well as the Supervision Weekly Timesheet that corresponds to that pay period.

14. Many individuals who have filed consent to join forms in this action were never employed by Allied but instead were employed by Allied Power Resources, LLC ("APR"), including: Mark Allen; John Barry; Dan Basham; Michael Benjamin; Mark Campagna; James Carter; David Comes; Kurtis Cowger; Bruce Crabbs; Gary Derk; Laura Ekman; John Gallagher; Dennis Granger; George Hughes; Kenneth Kirch; Rem Le; Lewis Lentz; John Logan; William Long; Robert Ludkowski; Tony Manley; Randall Mau; Sybil McCartney; Robert McConnaughay; George Miller; Wayne Muffley; John Nikitas; Gene Oehlert; Frank Pluskota; Timothy Redick; Kimberly Rowley; Robert Settle; Sandra Sitch; Daniel Skratulia; Paul Troia; Phil Turturici; Martin Whalen; Andrew Williams; and Dylan Wrixon.

15. APR is a separate entity from Allied with its own employees providing distinct (staff augmentation) services. APR has its own, different handbook.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of July, 2018 in Louisiana.

_____
CHRISTY FAIRCHILD