**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY BLACKBURN, JR., SAM ALLEN, TONY MANLEY, and ROBERT MCCONNAUGHAY, individually and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED POWER SERVICES, LLC and ALLIED POWER RESOURCES, LLC<br><br>Defendants. | Civ. Action No. 1:18-cv-00347<br><br>Hon. Judge Jorge L. Alonso<br><br>Magistrate Judge Jeffrey Cole<br><br>Collective Action Pursuant to 29 U.S.C. § 216(b) |

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Allied Power Services, LLC and/or Allied Power Resources, LLC (together "Allied" or "Defendants") failed to pay Jeffrey Blackburn, Jr. ("Blackburn"), Sam Allen ("Allen"), Tony Manley ("Manley"), and Robert McConnaughay ("McConnaughay") (together, "Plaintiffs") and other workers like them, overtime as required by the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Pennsylvania Minimum Wage Act ("PMWA"). *See* 29 U.S.C. § 201 *et. seq.*; 820 ILCS 105/1 *et. seq.;* 43 Pa. Stat. Ann. § 333.104 *et. seq.*

2. Instead, Allied paid Plaintiffs and other workers like them, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA, the IMWL, and the PMWA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. The Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).

6. The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Plaintiff Blackburn resides in this District.

9. Plaintiff Blackburn worked for Allied Power Services, LLC, in this District during the operative time period.

10. Plaintiff McConnaughay worked for Allied Power Resources, LLC, in this District during the operative time period.

11. Plaintiff Allen worked for Allied Power Services, LLC, in Pennsylvania during the operative time period.

12. Plaintiff Manley worked for Allied Power Resources, LLC, in Pennsylvania during the operative time period.

## THE PARTIES

13. During the operative time period, Plaintiff Blackburn was an hourly employee of Allied Power Services, LLC. Throughout his employment, Plaintiff Blackburn was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. During the operative time period, Plaintiff Blackburn worked for Allied Power Services, LLC in Illinois. His written consent has been previously filed with the Court.

14. During the operative time period, Plaintiff McConnaughay was an hourly employee of Allied Power Resources, LLC. Throughout his employment, Plaintiff McConnaughay was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. During the operative time period, Plaintiff McConnaughay worked for Allied Power Resources, LLC in Illinois. His written consent has been previously filed with the Court.

15. During the operative time period, Plaintiff Allen was an hourly employee of Allied Power Services, LLC. Throughout his employment, Plaintiff Allen was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. During the operative time period, Plaintiff Allen worked for Allied Power Services, LLC in Pennsylvania. His written consent was previously filed with the Court.

16. During the operative time period, Plaintiff Manley was an hourly employee of Allied Power Resources, LLC. Throughout his employment, Plaintiff Manley was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. During the operative time period, Plaintiff Manley worked for Allied Power Resources, LLC in Pennsylvania. His written consent was previously filed with the Court.

17. Plaintiffs bring this Action on behalf of themselves and other similarly situated workers who were paid by Allied's "straight time for overtime" system.

18. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees who worked for Allied during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "FLSA Class").**

19. Plaintiffs seek conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

20. Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy Allied's violations of the IMWL.

21. The class of similarly situated employees sought to be certified as a class action under the IMWL is defined as:

> **All employees who worked for Allied in Illinois during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "Illinois Class").**

22. Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy Allied's violations of the PMWA.

23. The class of similarly situated employees sought to be certified as a class action under the PMWA is defined as:

> **All employees who worked for Allied in Pennsylvania during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "Pennsylvania Class").**

24. Allied Power Services, LLC, is a limited liability corporation incorporated in Delaware. Allied Power Services, LLC has appeared and answered herein. Allied Power Services, LLC, may be served with process by serving its attorneys of record, Jody A. Boquist or Darren M. Mungerson, LITTLER MENDELSON, P.C., at 321 North Clark Street, Suite 1000, Chicago, Illinois 60654 and/or its registered agent, CT Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

25. Allied Power Resources, LLC, is a limited liability corporation incorporated in Delaware. Allied Power Resources, LLC, may be served with process by serving its registered agent, CT Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

## COVERAGE UNDER THE FLSA, IMWL, AND PMWA

26. At all times hereinafter mentioned, Defendants were and are employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times hereinafter mentioned, Defendants were and are employers within the meaning of the IMWL. 820 ILCS 105/3(c).

28. At all times hereinafter mentioned, Defendants were and are employers within the meaning of the PMWA.

29. At all times hereinafter mentioned, Defendants were and are enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all times hereinafter mentioned, Plaintiff Blackburn was an employee within the meaning of the IMWL. 820 ILCS 105/3(d).

31. At all times hereinafter mentioned, Plaintiff McConnaughay was an employee within the meaning of the IMWL. 820 ILCS 105/3(d).

32. At all times hereinafter mentioned, Plaintiff Allen was an employee within the meaning of the PMWA.

33. At all times hereinafter mentioned, Plaintiff Manley was an employee within the meaning of the PMWA.

34. At all times hereinafter mentioned, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

35. At all times hereinafter mentioned, Plaintiffs and the Class Members (as defined herein) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

**THE FACTS**

36. Allied is a full-service provider of power plant services.

37. In order to provide services to its clients, Allied hires employees it pays on an hourly basis.

38. During the operative time period, Plaintiffs were hourly employees of Allied.

39. During the operative time period, Plaintiff Blackburn worked for Allied Power Services, LLC in Illinois.

40. During the operative time period, Plaintiff McConnaughay worked for Allied Power Resources, LLC in Illinois.

41. During the operative time period, Plaintiff Allen worked for Allied Power Services, LLC in Pennsylvania.

42. During the operative time period, Plaintiff Manley worked for Allied Power Resources, LLC in Pennsylvania.

43. Allied paid Plaintiffs by the hour.

44. Plaintiffs reported the hours they worked to Allied on a regular basis.

45. Plaintiffs regularly worked more than 40 hours in a week.

46. The hours Plaintiffs worked are reflected in Allied's payroll records.

47. Allied paid Plaintiffs the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

48. Allied did not pay Plaintiffs overtime for all hours worked in excess of 40 hours in a single workweek.

49. Rather than receiving time and half as required by the FLSA, IMWL, and PMWA Plaintiffs only received "straight time" pay for overtime hours worked.

50. This "straight time for overtime" payment scheme violates the FLSA, IMWL, and PMWA.

51. Allied was aware of the overtime requirements of the FLSA, IMWL, and PMWA.

52. Allied nonetheless failed to pay certain hourly employees, such as Plaintiffs, overtime.

53. Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiffs to perform their job duties.

54. Indeed, the daily and weekly activities of Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Allied.

55. Virtually every job function performed by Plaintiff and members of the FLSA, Illinois, and Pennsylvania Classes was pre-determined by Allied and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

56. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes were generally prohibited from varying their job duties outside of the pre-determined parameters.

57. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes performed routine manual and technical job duties that were largely dictated by Allied.

58. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

59. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes also worked similar hours and were denied overtime as a result of the same illegal pay practice.

60. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes regularly worked in excess of 40 hours each week.

7

61. Allied did not pay Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes on a salary basis.

62. Allied paid Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes "straight time for overtime."

63. Allied failed to pay Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes overtime for hours worked in excess of 40 hours in a single workweek.

64. Allied knew, or acted with reckless disregard for whether, Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes were misclassified as exempt.

65. Allied's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA, IMWL, and PMWA because Plaintiffs and the members of the FLSA, Illinois, and Pennsylvania Classes were misclassified as exempt and denied overtime compensation.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

66. The illegal pay practices Allied imposed on Plaintiffs were imposed on members of the FLSA, Illinois, and Pennsylvania Classes.

67. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, IMWL, and the PMWA.

68. Numerous other individuals who worked with Plaintiffs were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

69. Based on their experiences and tenure with Allied, Plaintiffs are aware that Allied's illegal practices were imposed on members of the FLSA, Illinois, and Pennsylvania Classes.

70. The members of the FLSA, Illinois, and Pennsylvania Classes were not paid overtime when they worked in excess of 40 hours per week.

71. Allied's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA, Illinois, and Pennsylvania Classes.

72. Plaintiffs' experiences are therefore typical of the experiences of members of the FLSA, Illinois, and Pennsylvania Classes.

73. The specific job titles or precise job locations of the various members of the FLSA, Illinois, and Pennsylvania Classes do not prevent class or collective treatment.

74. Plaintiffs have no interests contrary to, or in conflict with, the members of the FLSA, Illinois, and Pennsylvania Classes.

75. Like each member of the FLSA, Illinois, and Pennsylvania Classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

76. Upon information and belief, Allied employed more than 40 Class Members in Illinois during the Relevant Period.

77. Upon information and belief, Allied employed more than 40 Class Members in Pennsylvania during the Relevant Period.

78. The precise size and the identity of other Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Allied.

79. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

80. Absent a class and collective action, many members of the FLSA, Illinois, and Pennsylvania Classes will not obtain redress of their injuries and Allied will reap the unjust benefits of violating the FLSA and applicable state labor law, including the IMWL and the PMWA.

81. Furthermore, even if some of members of the FLSA, Illinois, and Pennsylvania Classes could afford individual litigation against Allied, it would be unduly burdensome to the judicial system.

82. If individual actions were required to be brought by each member of the FLSA, Illinois, and Pennsylvania Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to Class Members, to Allied, and to the Court.

83. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA, Illinois, and Pennsylvania Classes and provide for judicial consistency.

84. The questions of law and fact common to each of the members of the FLSA, Illinois, and Pennsylvania Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Allied required Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes to work more than 40 hours during individual work weeks;

   b. Whether Allied's decision to pay the FLSA, Illinois, and Pennsylvania Classes straight time for overtime was made in good faith;

   c. Whether Allied failed to pay Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   d. Whether Allied's violation of the FLSA, IMWL, and PMWA was willful; and

   e. Whether Allied's illegal pay practices were applied to members of the FLSA, Illinois, and Pennsylvania Classes.

85. Plaintiffs and members of the FLSA, Illinois, and Pennsylvania Classes sustained damages arising out of Allied's illegal and uniform employment policy.

86. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

87. Plaintiffs will fairly and adequately represent and protect the interests of members of the FLSA, Illinois, and Pennsylvania Classes.

88. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## CAUSES OF ACTION

89. By failing to pay Plaintiffs and those similarly situated to them overtime at one-and-one-half times their regular rates, Allied violated the FLSA, IMWL, and PMWA's overtime provisions.

90. Allied owes Plaintiffs and those similarly situated to them overtime pay at the proper overtime rate.

91. Because Allied knew, or showed reckless disregard for whether, its pay practices violated the FLSA, IMWL, and the PMWA, Allied owes these wages for at least the past three years.

92. Allied is liable to Plaintiffs and those similarly situated to them for an amount equal to all unpaid overtime wages as liquidated damages.

93. Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

94. Plaintiffs pray for relief as follows:

   a. An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

    c.    For an Order designating the Pennsylvania Class as a class action pursuant to FED. R. CIV. P. 23;

    d.    For an Order appointing Plaintiffs and their counsel to represent the interests of the federal collective and the Illinois and Pennsylvania Classes;

    e.    For an Order finding Allied liable to Plaintiffs and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    f.    For an Order finding Allied liable to Plaintiffs and the Illinois Class for unpaid overtime owed under the IMWL, as well as interest at the rate of 2% per month in the amount of the underpayment;

    g.    For an Order finding Allied liable to Plaintiffs and the Pennsylvania Class for unpaid overtime owed under the PMWA at the highest available rates allowed by law;

    h.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Date: September 19, 2018                               s/Michael A. Josephson
                                                                             One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008


       **AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay R. Itkin
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile


       **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com


**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

*/s/ Michael A. Josephson*
**Michael A. Josephson**
