## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEFFREY BLACKBURN, JR., SAM ALLEN, TONY MANLEY, ROBERT MCCONNAUGHAY, and TIMOTHY GRAY, Individually and for Others Similarly Situated, | Case No. 1:18-cv-00347 <br><br> Hon. Judge Jorge L. Alonso <br><br> Magistrate Judge Jeffrey Cole |
| v. | |
| ALLIED POWER SERVICES, LLC and ALLIED POWER RESOURCES, LLC | |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS & COLLECTIVE ACTION SETTLEMENT

On June 16, 2020 and June 30, 2020, the Court heard a motion for final approval of a class and collective action settlement by Jeffrey Blackburn, Jr., Sam Allen, Tony Manley, Robert McConnaughay, and Timothy Gray (Class Representatives), on behalf of themselves and all others similarly situated. The Court read and considered the Motion for Final Approval of Class & Collective Action Settlement Agreement, the supporting memorandum of law, Plaintiffs' Memorandum of Law in Support of Request for an Award of Attorneys' Fees and Litigation Expenses, and other related materials submitted by the Class Representatives, has heard the Parties' presentation at the hearings on final approval, and is otherwise fully informed of the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Class Members, as defined in the order granting preliminary approval (Doc. 156), as follows:

**Settlement Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in the Rule 23 States (Illinois, New

Jersey, New York, Maryland, or Pennsylvania) at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

**Illinois Sub-Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in Illinois at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

**New Jersey Sub-Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in New Jersey at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

**New York Sub-Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in New York at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

**Maryland Sub-Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in Maryland at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

**Pennsylvania Sub-Class –** all individuals who were employed by either Allied Power Services, LLC or Allied Power Resources, LLC in Pennsylvania at any time during the period between July 1, 2017 and November 19, 2018 who were paid "straight-time" hourly premium pay.

2.     The Notice materials sent to Class Members adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice materials also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice materials provided to the Class Members satisfied the requirements of FED. R. CIV. P. 23(e)(1)(B).

2

3.     The Court hereby finally approves the Parties' Settlement Agreement for Class and Collective Action Claims, as amended only to the schedule of payments as set forth in Paragraph 7 through 11 as set forth below, and as fair, reasonable, and adequate.

4.     The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of the Class Members.  The Court finds that: (a) the strength of the Class Representatives' and Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount of $8,000,000 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel, who have significant experience representing parties in complex class and collective actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

5.     The Court further finds the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute regarding the Fair Labor Standards Act (FLSA) claims. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages at trial; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

6.      As identified in the declaration of due diligence by Madely Nava, filed on June 2, 2020, the Court finds that only 6 Class Members requested exclusion from the Settlement.  Thus, all Class Members outside of those 6 individuals are deemed to have released their State Law Claims against Defendants (as set forth in Section 4.3 of the Settlement Agreement) and are bound by the terms of the Settlement Agreement as it relates to the State Law Claims. In addition, those Settlement Class Members who either: (1) timely returned an executed FLSA Consent Form by the Bar Date; or (2) sign and negotiate the FLSA Settlement Check will be deemed to have released their Federal Law Claims as set forth in Sections 1.10 and 4.3 of the Settlement Agreement. Finally, the Class Representatives and Defendants are bound by the terms of the general release of all claims set forth in Exhibit F to the Settlement Agreement.

7.      Pursuant to the Parties' agreement, Defendants are ordered to deposit the remaining settlement funds into the Qualified Settlement Fund (QSF) established by the Settlement Administrator as follows: (1) $3,500,000 by July 31, 2020; and (2) $2,500,000 by January 15, 2021; and (3) $1,000,000 by April 30, 2021.

8.      Provided the $3,500,000 payment due by July 31, 2020 is made, the Settlement Class Members shall be mailed checks for their State Law Claims by November 30, 2020. At the same time, Class Counsel will notify the Settlement Class Members that checks for the FLSA Claims will be mailed by January 31, 2021.  Defendants shall bear the cost of mailing checks for the FLSA Claims.

9.      Provided the deposits due by July 31, 2020 and January 15, 2021 have been made, the Settlement Class Members shall be mailed checks for their FLSA Claims no later than January 31, 2021.

10.      The final deposit of $1,000,000, due by April 30, 2021, represents a portion of Class Counsel's attorney's fees. Any delay in making this deposit shall not delay any payments to the Settlement Class Members.

11.     Post-judgment interest shall begin accruing at the rate of 5% per annum on any amounts unpaid as of April 30, 2021.

12.     The Court approves the service payments to the Class Representatives in the amount of $5,000.00 each, as set forth in the Settlement Agreement.

13.     The Court approves Class Counsel's request for attorneys' fees in the amount of $2,800,000.00 and for litigation expenses in the amount of $15,000.00 as set forth in Plaintiffs' Memorandum of Law in Support of Request for an Award of Attorneys' Fees and Litigation Expenses (Doc. 162).

14.     The Court retains jurisdiction to interpret, implement, and enforce the terms of the Settlement Agreement.

15.     The Court grants final approval of the Settlement and hereby dismisses this case without prejudice, but with leave to reinstate on or before May 14, 2021. If the Action is not reinstated on or before May 14, 2021, the dismissal without prejudice automatically shall convert to a dismissal with prejudice on May 17, 2021.

**IT IS SO ORDERED.**

Dated: July 15, 2020          _____

**HON. JORGE ALONSO**
**United States District Court Judge**